```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS


GGNSC CHESTNUT HILL LLC          )
d/b/a GOLDEN LIVING CENTER -     )
HEATHWOOD; GGNSC                 )
ADMINISTRATIVE SERVICES LLC;     )
GOLDEN GATE NATIONAL SENIOR      )
CARE, LLC; GGNSC HOLDINGS        )
LLC,                             )
                                 )
      Plaintiffs,                )
                                 )    CIVIL ACTION NO.
v.                               )    16-10525-DPW
                                 )
JACKALYN M. SCHRADER, AS THE     )
PERSONAL REPRESENTATIVE OF       )
THE ESTATE OF EMMA J.            )
SCHRADER,                        )
                                 )
      Defendant.                 )
```

MEMORANDUM AND ORDER
July 12, 2018

Following an evidentiary hearing and entry of a final judgment based upon Findings of Fact and Conclusions of Law compelling arbitration of the wrongful death claims the defendant daughter and personal representative of the decedent sought to bring against a nursing home through conventional litigation, *GGNSC Chestnut Hill LLC* v. *Schrader,* No. 16-10525-DPW, 2018 WL 1582555 (D. Mass. Mar. 31, 2018), the defendant for the first time moved to have the question whether a personal representative may agree to arbitrate wrongful death claims certified to the Supreme Judicial Court of Massachusetts.  This

post judgment certification initiative was presented as an alternative procedure as part of a request presented as a motion by the defendant under Fed. R. Civ. P 52(b) and 59(e) to alter or amend the judgment ordering arbitration, through which the defendant seeks to have repudiated the judgment I have entered altogether. Finding no good grounds for delaying further or otherwise disturbing execution of that judgment — as to which the defendant's filing of her motion appears to have stayed the time period for noticing an appeal, *see* Fed. R. App. P. 4(a)(4)(A) (ii) and (v) — I will deny the motion to alter or amend.

In essence, the defendant's grounds for seeking post trial relief is that I have misconstrued the Massachusetts law of wrongful death actions. This is an issue which I fully considered in the Findings and Conclusions I made in support of the order to compel arbitration. No new facts are presented by the motion; rather, the defendant seeks to reargue the legal determination I have made. Nothing in this reargument of the case, or in the relevant authorities, persuades me that the legal determination I made is in error.

I am also disinclined to propound a certified question to the Massachusetts Supreme Judicial Court after having entered judgment on the basis of extended proceedings during which neither party sought that expedient. My own view is that

2

recourse to the certified question procedure should, as a general matter, be cautiously deployed. The procedure has the effect of transferring the duty of decision — and the allocation of limited judicial resources — to another court which has not itself invited the transfer and resultant consumption of its resources, except when there is genuine uncertainty about the approach Massachusetts state law would take. I have no uncertainty that the approach I relied upon in my Findings and Conclusions is reflective not only of Massachusetts law at this time, but more pertinently that it reflects the evolved — albeit still somewhat unsettled — modern state of ordinary state law principles governing the formation of contracts to arbitrate in this context.

Perhaps, should the matter be appealed, the First Circuit will consider it prudent to seek the views of the Massachusetts Supreme Judicial Court on the question. I, of course, express no views on whether such a choice is appropriate for that court. For purposes of this litigation in this court, a thirteenth-hour post judgment certification of a question to the Supreme Judicial Court seems to me improvident and likely only to add to delay in effecting the purpose of the Federal Arbitration Act to provide expeditious resolution of disputes by arbitration where the relevant parties have, as I have found here, agreed to do so.

Accordingly, after allowing the defendant's motion (#56) to file a reply to plaintiffs' opposition to the defendant's motion (#51) to alter or amend the judgment and having fully considered that and all other of the submissions of the parties bearing upon the post-trial motion, I hereby DENY the Motion to Alter or Amend the judgment compelling arbitration.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE